FILED

2017 MAY 10 PM 12: 56

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CALVIN D. SALTER

CASE NO. 8:17-cr-229-T-23TGW
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

SEALED

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

On or about March 14, 2017, in the Middle District of Florida, the defendant,

CALVIN D. SALTER,

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Tampering with Physical Evidence (Destroy), on or about January 6, 2009,

2. Possession of Cocaine, on or about March 5, 2008,

3. Tampering with Physical Evidence (Destroy), on or about March 5, 2008,

4. Driving While License Suspended, on or about August 23, 2007,

5. Delivery of Cannabis, on or about August 1, 2006,

6. Possession of Cocaine, on or about April 12, 2006,

7. Burglary of an Occupied Structure, on or about October 14, 2003,

8. Delivery of a Counterfeit Substance, on or about October 14, 2003,

9. Possession of Cocaine (No. 03-CF-001357), on or about October 14, 2003, and

10. Possession of Cocaine (No. 02-CF-006258), on or about October 14, 2003,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Hi-Point, Model C9, 9mm caliber handgun, and ammunition, that is Speer/CCI ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**FORFEITURE**

1. The allegations contained in Count One are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of the violation of 18 U.S.C. § 922(g) charged in Count One, defendant, CALVIN D. SALTER, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Hi-Point, Model C9, 9mm caliber handgun, and Speer/CCI ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By:
Kristen A. Fiore
Assistant United States Attorney

By:
Cherie L. Krigsman
Assistant United States Attorney
Deputy Chief, Major Crimes Section

FORM OBD-34
APR 1991

No.

FILED

2017 MAY 10 PM 12:57

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

CALVIN D. SALTER

**INDICTMENT**

Violations:

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)

A true bill,

James Schneider

Foreperson

Filed in open court this 10th day of May 2017.

_______________________________
Clerk

Bail $____________________

GPO 863 525